FILED
2026 Sep-30 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM CRAIG BURRESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-1583-EGL-GMB** |
| | ) | |
| **BASIL TIMOTHY CASE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff William Burress is bringing this "Complaint for Violation of Civil Rights" (Doc. 1 at 1) against two attorneys, Basil Case and Leroy Maxwell Jr., who allegedly represented him in a state criminal proceeding. *See generally* Doc. 1. Before the Court is a Report and Recommendation submitted by the United States Magistrate Judge assigned to this matter. *See* Doc. 4. The Magistrate Judge recommends that the Court dismiss this case without prejudice. After a careful consideration of the record, the Court agrees that this case is due to be dismissed. Due to ambiguities in Burress's complaint, however, the Court's reasoning differs slightly from that of the Report and Recommendation.

**BACKGROUND**

The Court adopts most of the following summary of the background from the Report and Recommendation. *See* Doc. 4 at 3. As best the Court can tell, the facts

arise out of Case's and Maxwell's representation of Burress in a criminal matter. See Doc. 1 at 5–7. Burress first contends that "Case missed the deadline to file a notice of appeal." Doc. 1 at 5. After the missed deadline, it appears that Burress hired Maxwell, who filed an appeal out of time. See Doc. 1 at 6. When the Alabama Court of Criminal Appeals ("ACCA") sent Maxwell a deficiency notice that the appeal was untimely, Maxwell neglected to provide the ACCA with certain requested information, resulting in a final dismissal of the appeal. Doc. 1 at 6. Buress then claims that Maxwell did not notify him of the dismissal. Doc. 1 at 6. Burress seeks $200,000 in damages and the reinstatement of his appeal. Doc. 1 at 5–7.

**ANALYSIS**

The Magistrate Judge, relying on 28 U.S.C. § 1915A, recommends that this Court dismiss the case without prejudice for failure to state a claim. Doc. 4 at 4-5. Under § 1915A(a), a "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." "[I]f the complaint … is frivolous, malicious, or fails to state a claim upon which relief may be granted," the court shall dismiss it. 28 U.S.C. § 1915A(b)(1).

The form that Burress submitted helps a prisoner submit a "Complaint for Violation of Civil Rights." Doc. 1 at 1. Under "Basis for Jurisdiction," the form

explains: "Under 42 U.S.C. § 1983, you may sue state or local officials for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law].' Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights." Doc. 1 at 3. The form then asks the prisoner to check boxes indicating whether he is bringing a *Bivens* claim, a § 1983 claim, or both. *Id.* Burress did not check any box.

The Magistrate Judge reasonably assumed that Burress had brought a § 1983 claim, because he is challenging the work that his attorneys performed in state court.[1] And the Magistrate Judge concluded that Burress failed to state a § 1983 claim against Case and Maxwell because "attorney[s] who represent[] a defendant in criminal proceedings do[] not act under color of state law." Doc. 4 at 4 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Magistrate Judge then explained that Burress had fourteen days to object to any finding of fact or recommendation in the report and recommendation. *Id.* at 5. Burress did not file any objections. The Court agrees that Burress failed to state a § 1983 claim.

[1] If Burress were not bringing a § 1983 or *Bivens* claim, his complaint would fail to even implicitly identify a cause of action for enforcing his civil rights, which would be grounds for dismissal.

The Court is not sure, however, that § 1915A is the appropriate authority for dismissal. Section 1915A applies to complaints against government entities employees, or officers, 28 U.S.C. § 1915A(a), and the Defendants are none of those.

Nevertheless, dismissal is appropriate because, as explained, Burress has failed to state a claim upon which relief can be granted, and "a district court may *sua sponte* dismiss a complaint for failure to state a claim so long as it provides notice of its intent to dismiss and an opportunity to respond." *McNiece v. Town of Yankeetown*, 817 F. App'x 842, 846 (11th Cir. 2020) (citing *Surtain v. Hamlin Terrace Found*, 789 F.3d 1239, 1248 (11th Cir. 2015)).

In this case, Burress received notice of the Court's intent to dismiss his case when the Magistrate Judge entered his Report and Recommendation on the docket and provided Burress with fourteen days to lodge any objections. Burress has had an opportunity to respond to the Report and Recommendation, which clearly explains his claim's deficiencies, *see generally* Doc. 4, and yet he has failed to do so. Consequently, the case is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation (Doc. 4) as **MODIFIED** herein. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. The Court will enter judgment by a separate order.

**DONE** and **ORDERED** this 30th day of September, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE